IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID FRANKLIN COTNEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:04cv1194-MEF |
| ) | (WO) |
| SID LOCKHART, *et al*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, David Franklin Cotney, Jr., ("Cotney"), claims that Chambers County Deputy Sheriff Mike Parrish ("Parrish") used excessive force against him in violation of his constitutional rights.[1]  In addition, Cotney asserts that Chambers County Sheriff Sid Lockhart ("Lockhart"); Patrol Commander Major Howard Carlton ("Carlton"), and Drug Task Force Investigator Clay Stewart ("Stewart") violated his constitutional rights by failing to adequately train or supervise Parrish and the canine unit.

The defendants filed a special report and supporting evidentiary materials addressing Cotney's claims.  The court deems it appropriate to treat the special report as a motion for summary judgment.  Upon consideration of such motion, the evidentiary materials filed in

---

[1] Specifically, Cotney asserts that Parrish's use of excessive force is a violation of the Fourteenth Amendment.  Because Cotney's claims arise in the context of an arrest or investigatory stop, the Fourth Amendment is also implicated.  *See Graham v. Conner*, 490 U.S. 386, 394 (1989).

support thereof, and the responses filed by Cotney, the court concludes that the motion for summary judgment should be granted.

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiffs are required to produce some evidence supporting his constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). They must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not

escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  FACTS[2]

On the afternoon of March 24, 2003, Larry Bonner headed to his hunting property in Chambers County, Alabama. (Doc. No. 11, Affid. of Sgt. Parrish, p. 2.) As he approached his "old home place," he smelled the strong odor of ether and saw a black truck parked in the driveway of his hunting cabin. (*Id.*) Mr. Bonner immediately called 9-1-1. (*Id.*) Within minutes, Parrish, Carlton, and several other officers arrived on the scene. (*Id.*) Carlton, Parrish, and Parrish's canine partner, Narco, approached the right side of the cabin and Officers Simms, Fuller, and Stewart approached the left side of the cabin. (*Id.*) As Parrish walked toward the black truck, he smelled a strong chemical odor. (*Id.*) While standing along the tree line, the officers observed Cotney, Jonathan Weldon ("Weldon"), and Allen Nelson ("Nelson") and a methamphetamine laboratory. (*Id.*)

Officer Simms drew his weapon and shouted, "Police, show me your hands." (*Id.* at p. 3.) As Cotney, Weldon, and Nelson began running away, Parrish yelled, "Stop or I'll release my dog." (*Id.*) Although Parrish yelled this command three more times, Cotney continued fleeing. (*Id.*) Parrish then released Narco and ordered him to apprehend Cotney.

---

[2] On a motion for summary judgment, the court must construe the facts in the light most favorable to the non-movant who, in this case, is the plaintiff. *See, e.g.*, *Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

(*Id*.) Narco chased Cotney and began biting Cotney's leg. (Doc. No. 1, Pl's Complaint, p. 3.) When Narco bit him, Cotney placed the barrel of a sawed-off shotgun against the dog's head and shot the dog. (Doc. No. 13, Pl's Response to Defs' Special Report, p. 4; Doc. No. 18, Pl's Response to Def's Reply, p. 3.) Narco was killed instantly. (Doc. No. 11, Parrish's Affid. p. 3.) Cotney then turned toward Parrish, and Parrish fired five rounds from his forty-caliber pistol at Cotney. (*Id*.) After Cotney fell down and began fleeing again, another officer apprehended him. (*Id*.) Shortly after the incident, Cotney was transported to the hospital and received treatment for a dog bite.[3] (Doc. No. 13, Pl's Ex. B.)

## IV. DISCUSSION

Cotney claims that Parrish violated his Fourth Amendment right to be free from excessive force when he released Narco. In addition, Cotney asserts that Lockhart, Carlton, and Stewart violated his constitutional rights by failing to adequately supervise Parrish or train the canine unit. Specifically, Cotney alleges that the defendants knew that Narco was uncontrollable and that canine retraining was necessary.

The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest. *See Graham v. Conner*, 490 U.S. 386, 394-95 (1989). To determine whether the

---

[3] Medical records demonstrate that Cotney suffered a "2 inch evulsion to inside L calf" and "2.5 cm and 2cm laceration[s] to lateral aspect of L calf." (Doc. No. 13, Pl's Ex. B.)

amount of force used by a police officer was appropriate, the court must consider "whether a reasonable officer would believe that this level of force is necessary in the situation at hand." *Willingham v. Loughnan*, 261 F.3d 1178, 1186 (11th Cir. 2001). The court must balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).

When balancing the necessity of using some force against an arrested person's constitutional rights, a variety of factors are considered, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Thus, the force used by a police officer during the course of an arrest "must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002).

This court concludes that Cotney has failed to establish the use of excessive force. The undisputed facts demonstrate that Cotney and two other men were on Bonner's hunting property without permission, that they were found standing by a methamphetamine lab in or around the hunting cabin, and that there was a strong chemical odor near the cabin. Cotney failed to comply with Officer Simm's order to show his hands, and instead he fled the scene.

He failed to heed Parrish's repeated warnings that a police dog would be released if he did not stop running. Under these circumstances, there was a need for the use of force. The mere fact that Narco was employed to apprehend Cotney does not amount to excessive force. *See Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1553 (11th Cir. 1989) ("To the extent that the policy authorizes police officers to use canine force against suspects who pose a threat to an arresting officer or to the community, the policy is clearly constitutional under the dictates of *Tennessee v. Garner*.") Cotney was involved in the manufacture of drugs and fled when called upon to surrender. Thus, he plainly posed a threat. Moreover, the extent of his injuries resulting from the actions of the dog belie his contention of excess force. *See Cochran v. Glover*, No. 2:05-cv-73-FtM-29DNF, 2006 WL 2024958, at *4 (M.D. Fla. July 16, 2006). Thus, this case is wholly unlike *Priester v. City of Riviera*, 208 F.3d 919, 924 (11th Cir. 2000), where law enforcement officer released a dog after the plaintiff surrendered. Based on the undisputed evidence, the court concludes that Cotney fails to adduce any evidence from which a reasonable juror could conclude that the use of Narco amounted to excessive force in violation of the Fourth Amendment. For the same reasons, although Cotney argues that training was necessary, he has failed to point to any evidence demonstrating that Narco was uncontrollable. Based on the foregoing, the court concludes that the defendants' motion for summary judgment should be granted.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.) The motion for summary judgment be GRANTED in favor of the defendants;

2.) This case be dismissed with prejudice; and

3.) The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before August 30, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.) The motion for summary judgment be GRANTED in favor of the defendants;

2.) This case be dismissed with prejudice; and

3.) The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before August 30, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done this 17th day of August, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE