IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FRANKLIN COTNEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:04-cv-1194-MEF |
| | ) | |
| SID LOCKHART, *et al.*, | ) | (WO-Not Intended for Publication) |
| | ) | |
| Defendants. | ) | |

### **ORDER**

On August 17, 2006, the United States Magistrate Judge entered a Recommendation (Doc. # 19) that Defendants' Special Report (Doc. # 11) is appropriately treated as a motion for summary judgment and is due to be granted in this civil action filed by Plaintiff, David Franklin Cotney, Jr. (hereinafter "Plaintiff"). The case is now before the Court on the Magistrate Judge's Recommendation (Doc. # 19) and the Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. # 20) filed on August 29, 2006.

This Court has carefully considered Plaintiff's Complaint, the arguments and evidence submitted by Plaintiff and Defendants in support of or in opposition to the motion for summary judgment, the relevant law, the Magistrate Judge's Recommendation, and the Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. # 20). The Court finds that the Recommendation of the Magistrate Judge succinctly summarizes the material facts supported by appropriate evidence and viewed in the light most favorable to Plaintiff, correctly identifies the relevant issues before the Court, deftly analyzes the

applicable legal precedents, and properly concludes that the motion for summary judgment is due to be granted. In contrast, Plaintiff's objection mischaracterizes, misconstrues, and misunderstands the factual and legal basis for the Recommendation of the Magistrate Judge. Moreover, Plaintiff incorrectly argues that *Kerr v. City of West Palm Beach,* 875 F.2d 1546, 1553 (11th Cir. 1989) supports his arguments in opposition to the motion for summary judgment. Plaintiff appears to argue that *Kerr* mandates that law enforcement agencies with canine operations have policies which contain specific provisions like the policy described in the *Kerr* case. This is not the holding of *Kerr.* Moreover, to the extent that Plaintiff may be attempting to argue that *Kerr* in any way supports his claims in this case, the Court disagrees. *Kerr* itself emphasizes that federal courts must not "perform an assessment of the abstract constitutionality of government policies" and should instead only assess "whether a particular seizure was constitutional in light of the unique factual circumstances in which the police acted." 875 F.2d at 1554. That is precisely what the Magistrate Judge has done in the Recommendation. This Court agrees that viewed in light of the unique factual circumstances in which the police acted, the release of a trained canine to apprehend Plaintiff, an armed suspect fleeing law enforcement officers after having been discovered cooking methamphetamine on someone else's property cannot be said to amounted to excessive force. Given the absence from which any reasonable jury could find for Plaintiff on either of his two causes of action, summary judgment is appropriate.

Thus, after an independent review of the file, it is the ORDER, JUDGMENT, and DECREE of the Court:

(1) That Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. # 20) filed on August 29, 2006 are OVERRULED;

(2) That the Magistrate Judge's Recommendation (Doc. # 19) is ADOPTED and the Defendants' motion for summary judgment (Doc. # 11) is GRANTED;

(3) That judgment is entered in favor of the Defendants and against Plaintiff, with Plaintiff taking nothing by his Complaint;

(4) That this case be dismissed WITH PREJUDICE; and

(5) That the costs of this proceeding be taxed against Plaintiff.

The Court will entered a separate final judgment consistent with this Order.

DONE this 30th of August, 2006.

                                                /s/ Mark E. Fuller  
                                      CHIEF UNITED STATES DISTRICT JUDGE